IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTONIO COLLINS,**
       **Plaintiff,**

**v.**
       **CIVIL ACTION NO. 3:19-CV-74 (GROH)**

**MICHAEL MARTIN, Warden,**
**KELLY LANTHAM, Chief of Security,**
**DIANE ROBIN MILLER, Deputy Warden,**
**THOMAS HARLOW, Associate Warden**
**of Security, and**
**SHERRY DAVIS, Associate Warden of**
**Programs,**
       **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiff is a state inmate confined in the Huttonsville Correctional Center in Huttonsville, West Virginia.  On May 10, 2019, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Therein, he asserts seventeen claims against the named defendants for alleged violations of his Constitutional rights.  Id.  Defendants filed a motion to dismiss on November 25, 2019, Plaintiff filed a response thereto on December 9, 2019, and Defendants filed a reply on December 23, 2019.  ECF Nos. 20, 25, 27.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

## II. FACTUAL AND PROCEDURAL HISTORY

Although some of his claims are substantively difficult to discern, Plaintiff appears to asserts that his Constitutional rights[1] were violated when Defendants: (1) failed to provide "adequate space" in the "RSAT Drug Program" to accommodate prisoners who have different beliefs about race or who are members of gangs [ECF No. 1 at 8]; (2) failed to provide sufficient privacy to inmates while showering to comply with the Prison Rape Elimination Act ("PREA") [Id. at 10]; (3) imposed cruel and unusual punishment by punishing the entire prison population for the acts of only a few inmates [Id.]; (4) failed to provide "the rehabilitation needed" [Id.]; (5) denied him the opportunity to complete a correspondence course [Id. at 11]; (6) showed favoritism to certain inmates and created a hostile environment by requiring inmates to be housed with racist fellow inmates; (7) modified the required set time for sleep [Id.]; (8) failed to adequately protect inmates' perceived safety [Id. at 12]; (9) failed to maintain an operational intercom system [Id.]; (10) failed to provide refreshments to prison visitors [Id.]; (11) denied inmates equal protection when they afforded different privileges to different inmates [Id. at 13]; (12) violated the due process clause in the administration of the grievance process [Id.]; (13) failed to investigate safety concerns which allegedly disrespected Plaintiff and caused him "to not want to work" [Id.]; (14) prohibited inmates from receiving color photos through the mail service [Id. at 13 – 14]; (15) failed to provide for inmate safety and created a hostile environment in the prison [Id. at 14]; (16) failed to properly administer the

---

[1]  Plaintiff repeatedly claims that his Fourth, Eighth, Fourteenth, Fifteenth Amendment rights were violated, as were various article of the Universal Declaration of Human Rights.  ECF No. 1 at 8, 10 – 14. The Court notes that the Universal Declaration of Human Rights does not form a basis for any claims under § 1983.

grievance process in relation to five of Plaintiff's previously filed grievances[2] [Id.]; and (17) through their cumulative actions violated Plaintiff's constitutional rights [Id. at 14 – 15].

Although not the epitome of clarity, it appears that Plaintiff believes his constitutional rights were violated by various actions of Defendants, although Plaintiff does not specify: (1) what specific actions were taken by each named Defendant; (2) when those actions were taken; or (3) how each action caused violations of his rights.

Plaintiff does not claim any physical injuries as a result of the alleged violation of his constitutional rights. Rather, Plaintiff claims he was verbally abused, subjected to a hostile environment, and was prevented from completing a correspondence course, the completion of which he claims could have modified his sentence. ECF No. 1 at 17. For relief Plaintiff requests the Court award him reimbursement for classes taken to date and the remainder of the course and to "have an inspector come inspect the prison to witness the complaints." Id. Plaintiff paid the initial partial filing fee on July 3, 2019. ECF No. 9.

Defendants filed a motion to dismiss and memorandum of law on November 25, 2019. ECF Nos. 20, 21. Therein, Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim: (1) for violations of the Universal Declaration of Human Rights because the articles "do not provide any basis for a private right of action" [ECF No. 21 at 7]; (2) for violation of his Fourth Amendment rights because institutional security demands curtailment of certain rights [Id. at 7 – 8], and because Plaintiff fails to set forth allegations of any search of his person in Claims 2 – 4 or Claims 6 – 17 [Id. at 9]; (3) for violation of his Seventh Amendment rights because plaintiff's claims are devoid

---

[2] Plaintiff asserts that the rejection of his grievances numbered 18-HCC-D-575, 18-HCC-D-622, 18-HCC-D-530, 18-HCC-D-529 and 18-HCC-D-526 denied him "equal opportunity to have the grievances recognized in the acceptable manner". ECF No. 1 at 14.

of claims related to trial by jury and does not plausibly state a Seventh Amendment claim [Id. at 11]; (4) for violation of his Eighth Amendment rights because Plaintiff failed to allege the deprivation of a basic human need in Claims 3 – 6, Claims 8 – 9, or Claims 14 – 17 [Id. at 12]; (5) for violation of his Fourteenth Amendment rights because he fails to allege a violation of his equal protection or due process rights [Id. at 16 – 18]; (6) for violation of his Fifteenth Amendment rights because Plaintiff has failed to allege his right to vote was infringed [Id. at 19]; and (7) in the alternative, because Defendants are entitled to qualified immunity [Id. at 20].

In his reply filed on December 9, 2019, Plaintiff argues that his pro se complaint should be reviewed concerning the "violations that are hindering [him] from furthering the education needed to further pursue arguing [his] criminal case."  ECF No. 25 at 3.

### III. LEGAL STANDARD

#### A.     Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro*

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

*se* complaint is still subject to dismissal.  Haines, supra, at 520–21.  "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 – 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B.   § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257

(1978). In <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

<u>Gomez</u>, 446 U.S. at 640.

### C.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that  a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that  the plaintiff can prove  no set of facts in support of his claim which would entitle him to relief."  <u>Conley</u>, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 - 1 (1972) (per curiam); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief

above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In

Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their

claims across the line from conceivable to plausible, their complaint must be dismissed."

Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in

his complaint which is based on cognizable legal authority and includes more than

conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to

dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," because courts are not bound to accept as true a

legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a

complaint states a plausible claim . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus,

a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has

acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure

to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943,

952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light

most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir.

1993); see also Martin, 980 F.2d at 952.

  **D. Motions for Summary Judgment**

  Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

  In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

  "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that

there is a genuine issue for trial." Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

### A.    Failure to State a Claim

Plaintiff's complaint is subject to dismissal because he seeks relief which is unavailable or improper under § 1983, in that he has failed to assert a cognizable cause

of action as to his claims against the named defendants.[4]  Actions authorized under §

1983 are intended to "deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically,

complaints in § 1983 actions must allege that some person has deprived him of a federal

right.  Gomez, 446 U.S. at 640.  Plaintiff has named as defendants five supervisory

employees of the State of West Virginia: the warden, deputy warden, two associate

wardens and the chief of security.  Plaintiff broadly claims that these individuals have

"violated" his rights, "neglected" their duties, and made policy decisions which have

affected his rights and the rights of other inmates, however, Plaintiff has not alleged that

specific actions taken by any of those individuals on any certain date directly violated his

rights.

 "Government officials performing discretionary functions are entitled to qualified

immunity from liability for civil damages to the extent that "their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would

have known." Rish, 131 F.3d at 1095.  Under Supreme Court precedents, "officers are

entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or

constitutional right, and (2) the unlawfulness of their conduct was "clearly established at

the time." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018).

Plaintiff has failed to assert that Defendants took any steps which were outside of

their discretionary functions.  Further, Plaintiff fails to allege any facts which would

---

[4]  Plaintiff has not alleged that Defendants acting in their individual capacities did anything to deprive him of any constitutional right.  Although Plaintiff has named individuals as Defendants, he associates those Defendants with their employment positions and official capacities.  Further, all seventeen claims for relief appear to be counts against the correctional institution and its policies, rather than about a specific act or action by any individual alleged to have deprived Plaintiff of his constitutional rights.

overcome Defendants' qualified immunity.  Specifically, Plaintiff's complaint is devoid of any fact to support that any Defendant individually violated a federal statutory or constitutional right and that the unlawfulness of their conduct was clearly established at the time.  Consistent with the holding of <u>Small</u>, 998 F.2d at 417 – 18, the Court is not required to construct arguments for the Plaintiff and cannot consider any arguments that are not presented by Plaintiff himself.  Accordingly, it appears that all Defendants are entitled to qualified immunity under § 1983, and that Plaintiff has failed to state a claim against any Defendant upon which relief may be granted.

Additionally, Plaintiff has failed to allege that he suffered any physical or other injury as a result of the alleged actions of any defendant.  However, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  Here Plaintiff asserts that he was injured by Defendants who (1) prevented him from completing an educational program; (2) caused him to be verbally abused by unknown persons, and (3) subjected him to a hostile environment.  ECF No. 1 at 17.  Accordingly, Plaintiff's claims that he suffered a violation of his Constitutional rights without any physical injury fail to state a claim upon which relief may be granted.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555.  As set forth

above, Defendants are entitled to qualified immunity and Plaintiff's complaint fails to allege that Plaintiff suffered any physical injury as a result of the alleged civil rights violations.  Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'"  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added).

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named individual defendants subjected him to or caused him to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice based on Plaintiff's failure to allege a physical injury.

## V. RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the complaint should be **DISMISSED WITHOUT PREJUDICE** based on the failure to state a claim for failure to allege a physical injury.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:          May 7, 2020

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE