IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTONIO COLLINS,**

        Plaintiff,

**v.**

**MICHAEL MARTIN, Warden,**
**KELLY LANTHAM, Chief of Security,**
**DIANE ROBIN MILLER, Deputy Warden,**
**THOMAS HARLAN,**
**Associate Warden of Security, and**
**SHERRY DAVIS,**
**Associate Warden of Programs,**

        Defendants.

**CIVIL ACTION NO.: 3:19-CV-74 (GROH)**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 28] on May 7, 2020. Therein, Magistrate Judge Trumble recommends that Plaintiff's § 1983 complaint [ECF No. 1] be dismissed without prejudice for failure to state a claim.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150

(1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order.  28.U.S.C..§ 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Plaintiff accepted service of Magistrate Judge Trumble's R&R on May 11, 2020.  ECF No. 29.  On May 21, 2020, Plaintiff filed his objections.  ECF No. 30.  Accordingly, this Court will review the portions of the R&R to which Plaintiff objects *de novo*.

## II. Background

Plaintiff is a state inmate incarcerated at the Huttonsville Correctional Center ("HCC") in Huttonsville, West Virginia.  On May 10, 2019, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Therein, Plaintiff asserts seventeen claims against named Defendants for allegedly violating his constitutional rights, as well as his rights provided under the Universal Declaration of Human Rights.[1]  These claims address various facility policies relating to housing arrangements, recreational activities, visitation, inmate mail and privacy concerns in showers.  Plaintiff also alleges that named Defendants denied him access to educational programming and denied grievances relating to his safety concerns.  Based on these allegations, Plaintiff avers that he was verbally abused, subjected to a hostile environment and was prevented from completing

---

[1] The Universal Declaration of Human Rights "is a non-binding declaration that provides no private rights of action."  <u>United States v. Chatman</u>, 351 F. App'x 740, 741 (3d Cir. 2009) (citing <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 734 (2004)).  Therefore, the Court will only consider Plaintiff's objections as it relates to alleged violations of his Fourth, Eighth, Fifteenth and Eighteenth Amendment rights.

a correspondence course that would assist him working on his case.  For relief, which he reiterates in his objections, Plaintiff seeks (1) a declaration that the acts and omissions described in his complaint amounted to violations of his constitutional rights; (2) compensatory damages for postage and filing fees related to his complaint; (3) compensatory damages for the total amount of the correspondence course; and (4) any other just and equitable relief the Court deems necessary.  ECF No. 30 at 5.

### III. Applicable Law

42 U.S.C. § 1983 provides in relevant part that:

"[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights…secured by the Constitution and laws, shall be liable to the party injured in any action at law [or] suit in equity…"

Section 1983 is not a source of substantive rights; rather, it provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).  To bring a civil rights complaint, the prisoner must allege that he was deprived of a federal or constitutional right by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42 (1988).  To establish personal liability under § 1983, a prisoner must "affirmatively show[ ] that the official charged acted personally in the deprivation of [his] rights.  The doctrine of *respondeat superior* has no application under this section." Wright v. Collins, 766 F.2d 841, 850 (1985).  In other words, the official charged can be held liable only if he had personal knowledge of and involvement in the alleged deprivation of the prisoner's rights. Id.

Qualified immunity is an affirmative defense to § 1983 liability.  Under this doctrine, government officials "performing discretionary functions generally are shielded from

3

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Therefore, government officials are entitled to qualified immunity under § 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." D.C. v. Wesby, 138 S. Ct. 577, 589 (2018).

## IV.    Discussion

In the R&R, Magistrate Judge Trumble recommends that Plaintiff's complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted. In support, Judge Trumble finds that Plaintiff is not entitled to relief under § 1983 for three reasons. First, Plaintiff fails to allege Defendants' personal knowledge of and involvement in the alleged deprivation of rights as required under the § 1983 framework. While he names five supervisory employees of the State of West Virginia, Plaintiff does not allege specific actions taken by any of these individuals that directly violated his constitutional rights. Second, Plaintiff's factual allegations fail to overcome Defendants' entitlement to qualified immunity. Specifically, Plaintiff's complaint fails to demonstrate that named Defendants acted outside the scope of their discretionary functions. Lastly, and most fatal to his complaint, Plaintiff fails to allege that he suffered physical injury from Defendants' alleged actions.

Rather than objecting to Judge Trumble's specific findings, Plaintiff objects to the following sectional paragraphs of the R&R: "Paragraph 2 of the Introduction section; paragraph[s] 2 and 3 of the Factual and Procedural History section, Section 4: Analysis." ECF 30 at 2. Plaintiff also attached two exhibits relating to the correspondence course: (1) HCC Unit Manager's response to Grievance No. 18-HCC-D-534, dated August 20, 2018, and (2) an Inmate Interview Request form, completed on July 31, 2018. See ECF Nos. 30-1, 30-2. The Court liberally construes these objections and will address each in turn.

First, Plaintiff takes issue with Judge Trumble's overall recommendation that his complaint should be dismissed for failure to state a claim. In support, Plaintiff reemphasizes Claim 5 of his complaint, wherein he alleges that all named Defendants denied him an equal opportunity to further educate himself by entering into a binding contract with Blackstone Career Institute for the correspondence course. However, with regard to this claim, Plaintiff still fails to allege personal involvement, physical injury, as well as demonstrate that Defendants are not entitled to qualified immunity. The attached Inmate Interview Request form does not indicate that Plaintiff was denied an opportunity to continue the correspondence course. Rather, Plaintiff was advised that he needs follow certain procedures for educational programs and pay for the course in full before continuing his studies. ECF No. 30-2. Therefore, the Court agrees that Plaintiff has failed to state a claim upon which relief can be granted.

Next, Plaintiff objects to Judge Trumble's finding that he did not claim physical injuries from the alleged violations of his constitutional rights. However, even if Plaintiff's allegation that Defendants prevented him from completing the correspondence course is

5

accepted as true, this violation does not constitute physical injury. Pursuant to 42 U.S.C. § 1997e(e), inmates may not recover for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." On its face, Plaintiff's complaint lacks any assertion or reference to physical injury suffered. Lastly, Plaintiff contends that his complaint meets the pleadings requirements under Rule 8 of the Federal Rules of Civil Procedure and that the factual allegations contained therein are sufficient to show violations of his constitutional rights. Yet, as indicated earlier, Plaintiff's complaint and the exhibits attached to his objections do not demonstrate that he suffered physical injury, nor do they allege personal involvement on behalf of named Defendants as required under the § 1983 framework. Moreover, Plaintiff offers no response to Defendants' entitlement to qualified immunity. Accordingly, upon careful review and consideration, the Court finds that Plaintiff's objections must be overruled.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 28] should be, and is hereby, **ORDERED ADOPTED**. Accordingly, Defendants' Motion to Dismiss [ECF No. 20] is **GRANTED**, and Plaintiff's § 1983 Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

It is furthered **ORDERED** that Plaintiff's Motion for Leave to Supplement Original Complaint [ECF No. 31] be **TERMINATED** as **MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return

receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** May 29, 2020

GINA M. GROH
UNITED STATES DISTRICT JUDGE